IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUADALUPE MENDOZA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:17-cv-321 |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY & CLAIM ADJUSTMENT | § | |
| SPECIALISTS | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") files this Notice of Removal against Plaintiff Guadalupe Mendoza ("Plaintiff") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I.     INTRODUCTION

1.     This case is removable because the only proper defendants in this litigation are citizens of different states than the Plaintiff and the matter in controversy exceeds $75,000.00. The fact that Plaintiff sued Texas resident Claim Adjustment Specialists ("CAS")) is irrelevant to this Notice of Removal because Plaintiff improperly joined CAS in an effort to destroy diversity and avoid this Court's jurisdiction.  Here, CAS is an improper defendant because Plaintiff is unable to establish a valid cause of action against them in state court.

### II.     COMMENCEMENT AND SERVICE

2.     On August 31, 2017, Plaintiffs commenced this action by filing an Original Petition ("Original Petition") in the 105th Judicial District Court of Kleberg County, Texas,

styled Cause No. 17-450-D; *Guadalupe Mendoza v. American Security Insurance Company & Claim Adjustment Specialists.*[1]

3. American Security was served September 12, 2017.[2]

4. American Security filed an answer in state court on October 9, 2017.[3]

5. This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[4] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.     GROUNDS FOR REMOVAL

6. American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.     AMOUNT IN CONTROVERSY

7. Plaintiff's Complaint seeks monetary relief of more than $100,000.00 but not more than $200,000.00 on the basis of the $223,300 policy.[5] Accordingly, the total amount in controversy for Plaintiff's claims exceeds the jurisdictional limits of this Court.

### V.     DIVERSITY OF CITIZENSHIP

8. This is an action with complete diversity of citizenship between Plaintiffs and the only properly joined defendant, American Security.

9. Plaintiffs are citizens of Texas.[6]

---

[1] *See* Exhibit A-1, Plaintiffs' Original Petition.
[2] *See* Exhibit B, Executed Process.
[3] *See* Exhibit A-2, Defendant's Original Answer.
[4] *See* Exhibit B, Executed Process.
[5] *See* Exhibit A-1, Original Petition, at pp. 16-17; Exhibit C, Policy Declarations Page
[6] *See* Exhibit A, Plaintiffs' Original Petition., at p. 2; Ex. D-1, Accurint Comprehensive Address Report (demonstrating that Plaintiff has resided in Texas for more than fifty years).

10. Defendant American Security is a foreign insurance company.[7]

11. Defendant CAS is alleged to be a citizen of the State of Texas. However, the Court should disregard CAS' citizenship for purposes of determining whether this case is removable because Plaintiff improperly joined CAS to this lawsuit in an effort to destroy diversity and avoid this Court's jurisdiction. *See Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000); *Green v. Nationwide Mut. Ins. Co.*, Civil Action No. A-12-CV-600 LY, 2012 WL 5188031 (W.D. Tex. Oct. 17, 2012).

12. No change of citizenship has occurred since commencement of the state court action. Accordingly, diversity of citizenship exists among the proper parties.

## VI. PLAINTIFF IMPROPERLY JOINED THE RESIDENT DEFENDANT

13. Plaintiff cannot state a cause of action against resident defendant CAS, and its citizenship should be ignored for the purposes of determining whether there is complete diversity.[8] Under the federal removal statute, a case filed in state court may be removed to federal court if none of the parties properly joined as defendants are citizens of the state in which the action is brought. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (2004) (citing 28 U.S.C. § 1441) (en banc). The doctrine of improper joinder prevents Plaintiff from defeating federal diversity jurisdiction by improperly naming non-diverse defendants. *Id.*, at 572-73. When a defendant is improperly joined, a court must disregard the citizenship of that defendant for the purpose of determining whether diversity jurisdiction exists. *Badon, Inc.*, 224 F.3d at 389-90. A defendant is improperly joined when either (1) jurisdictional facts are fraudulently pled, or (2) the plaintiff is unable to establish a cause of action against the resident defendant in state court. *Smallwood*, 385 F.3d at 573. This case presents the latter.

---

[7] *See* Exhibit D, Affidavit of Jim Kroll.
[8] *See* Exhibit A-1, Plaintiffs' Original Petition., at p. 2

14. In analyzing whether the Original Petition established a cause of action against CAS, the Court must determine whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. In making such a determination, the Court should conduct a Federal Rule 12(b)(6)-type inquiry. *Smallwood*, 385 F.3d at 573. In the Southern District of Texas, it is well settled that "when an adjuster's actions can be accomplished by the insurer through an agent and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster." *Keen v. Wausau Bus. Ins. Co.*, 875 F.Supp.2d 682, 686 (S.D. Tex. 2012)).

15. Here, Plaintiff has alleged six causes of action against Defendants American Security and CAS.[9] Each of the causes of action are addressed to "Defendants American Security and CAS" and they are named consistently together throughout the petition.[10] In fact, Plaintiff's Original Petition only makes three references to one of the named defendants independent of the other: (1) in paragraph 8, Plaintiff asserts the Policy was issued by ASIC, (2) in paragraph 11 the Plaintiff asserts that she asked American Security to cover the cost of repairs to the property, and (3) in paragraph 52 Plaintiff asserts that during the underlying adjustment American Security knew or should have known that liability was reasonably clear. All other factual and legal allegations were made against American Security and CAS collectively. Given that Plaintiff's claims against American Security cannot be distinguished from the claims against CAS, its citizenship should be ignored for the purposes of determining whether there is complete diversity.

---

[9] *See* Exhibit A-1, Plaintiffs' Original Petition., at p. 8-14.
[10] *Id*., at p. 3-14.

## VII. VENUE

16. Venue lies in the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiffs filed the state court action in this judicial district and division.

## VIII. CONSENT TO REMOVAL

17. No Consent to Removal is necessary as American Security is the only properly named defendant in this lawsuit. Consent by the Resident Defendants is not required in this instance because consent need not be obtained from a co-defendant that the removing party contends is improperly joined.[11]

## IX. NOTICE

18. Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## X. STATE COURT PLEADINGS

19. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## XI. EXHIBITS TO NOTICE OF REMOVAL

20. Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

> A. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
>
> 1. Plaintiff's Original Petition;

---

[11] *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 582 (S.D. Tex. 2012) (citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

        2. Standard Guaranty Insurance Company's Original Answer;

B. All executed process in the case

C. Policy

D. Affidavit of Jim Kroll

E. All orders signed by the state judge (none)

F. Docket sheet;

G. An index of matters being filed;

H. A list of all counsel of record, including addresses, telephone numbers and parties represented;

I. Civil Cover Sheet;

J. Affidavit of Bradley Aiken;

        1. Accurint Report on Guadalupe Mendoza.

## XII.   CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 105th Judicial District Court of Kleberg County, Texas to this Court.

Dated: October 12, 2017

        Respectfully submitted,

        **EDISON, MCDOWELL & HETHERINGTON LLP**

        By: */s/ Bradley J. Aiken*
            Bradley J. Aiken
            State Bar No. 24059361
            Federal Bar No. 975212
        First City Tower
        1001 Fannin Street, Suite 2700

                Telephone:  713-337-5580
                Facsimile:  713-337-8850
                Brad.aiken@emhllp.com
                *ATTORNEY-IN-CHARGE FOR DEFENDANT*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served on October 12, 2017, on the following counsel of record by certified mail:

David Anderson
Stephen Carrigan
Carrigan & Anderson Law Firm, PLLC
101 N. Shoreline Blvd, Suite 420
Corpus Christi, Texas 78401
Phone: (361) 884-4433
Fax: (361) 884-4434
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

                */s/ Bradley J. Aiken*
                Bradley J. Aiken