# EXHIBIT A

# EXHIBIT A-1

Filed for Record
8/31/2017 6:22 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Amelia Carbajal

CAUSE NO. ___17-450-D___

| | | |
|---|---|---|
| **GUADALUPE MENDOZA** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **KLEBERG COUNTY, TEXAS** |
| | § | |
| **AMERICAN SECURITY** | § | |
| **INSURANCE COMPANY, CLAIM** | § | |
| **ADJUSTMENT SPECIALISTS** | § | ___105th___ **JUDICIAL DISTRICT** |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Guadalupe Mendoza ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of American Security Insurance Company ("American"), Claim Adjustment Specialists ('Specialists"), and (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show their Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.   Plaintiff Guadalupe Mendoza is an individual residing in Kleberg County, Texas.

3.   Defendant American is an insurance company engaging in the business of insurance in the State of Texas.  This defendant may be served with personal process, by a process server, by serving its Registered Agent, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

4.   Claim Adjustment Specialists is a domestic adjusting company doing business in the state of Texas. They may be served with process by serving their owner/president Steve Simoni at 17501 N. Dallas Parkway, Dallas, Texas 75287

## JURISDICTION

5.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.   The Court has jurisdiction over Defendant American and Specialists because the defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

7.   Venue is proper in Kleberg County, Texas, because the insured property is situated in Kleberg County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

8.  Plaintiff is the owners of a Texas Homeowners' Insurance Policy number MLR791830800 (hereinafter referred to as "the Policy"), which was issued by American.

9.  Plaintiffs own the insured property, which is specifically located at 4145 Jamlie Ave, Kingsville, TX, 78363-7421, in Kleberg County (hereinafter referred to as "the Property").

10. American and Specialists sold the Policy insuring the Property to Plaintiffs.

11. On or about May 31, 2016, a massive hail/wind storm struck Kleberg County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiffs' residence.  Plaintiffs' roof sustained extensive damage during the hail storm. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. Specifically, the exterior fascia, windows, screens, gutters, and digital satellite were damaged by falling hail and debris. In addition, Plaintiffs' fencing, exterior lighting, outdoor playset, and deck were damaged by the hail. Plaintiffs asked that American cover the cost of repairs to the Property pursuant to the Policy.

12. The claim number assigned by American and Specialists is 00102006097.

13. Defendant American and Specialists were assigned as the adjuster on Plaintiffs' claim. American and Specialists was improperly trained and failed to perform a reasonable or adequate inspection of Plaintiffs' damages. During the course of his inspection, Turner made the executive decision to deny all of

Plaintiffs' covered damages.  This is evidenced by his June1, 2016 denial letter to Plaintiffs in which he represents he found "no physical damage or additional damage" to Plaintiffs' roof.  Defendant American and Specialists agreed with and adopted American and Specialists' undervalued and erroneous evaluation of Plaintiffs' damages as its own and ultimately denied payment to Plaintiffs based on that evaluation.

14.  As a result of the unreasonable investigation of Plaintiffs' claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair their home), Plaintiffs' claim was improperly and unreasonably adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to make necessary repairs to the Property, which has resulted in additional and consequential damages. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

15. As detailed in the paragraphs below, American and Specialists wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, American and Specialists underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16. To date, American and Specialists continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid any amount for the damages to their home.

17. Defendant American and Specialists failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. American and Specialists conduct constitutes a breach of the insurance contract between American and Specialists and Plaintiffs.

18. Defendants American and Specialists misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants American and Specialists conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19. Defendants American and Specialists failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants American and Specialists conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20. Defendants American and Specialists failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants American and Specialists failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants American and Specialists did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants American and Specialists conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21. Defendants American and Specialists failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants American and Specialists. Defendants American and Specialists conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22. Defendants American and Specialists refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants American and Specialists failed to conduct a reasonable investigation. Specifically, Defendants American and Specialists performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and

inequitable evaluation of Plaintiffs' losses on the Property. Defendants American and Specialists conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23. Defendant American and Specialists failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. American and Specialists conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant American and Specialists failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. American and Specialists conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant American and Specialists failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. American and Specialists conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. From and after the time Plaintiffs' claim was presented to Defendant American and Specialists, the liability of American and Specialists to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, American and Specialists has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. American and Specialists conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. Defendants American and Specialists knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28. As a result of Defendants American and Specialists wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST AMERICAN AND SPECIALISTS

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29. Defendant American and Specialists conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under their article are made actionable by TEX. INS. CODE §541.151.

30. Defendant American and Specialists unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

31. Defendant American and Specialists unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

32. The unfair settlement practice of Defendant American and Specialists, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

33. Defendant American and Specialists unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

34. Defendant American and Specialists unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

#### FRAUD

35. Defendants American and Specialists are liable to Plaintiffs for common law fraud.

36. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which American and Specialists knew were false or made recklessly without any knowledge of their truth as a positive assertion.

37. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CAUSES OF ACTION AGAINST AMERICAN AND SPECIALISTS ONLY

38. Defendant American and Specialists are liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

39. Defendant American and Specialists conduct constitutes a breach of the insurance contract made between American and Specialists and Plaintiffs.

40. Defendant American and Specialists failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of American and Specialists insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

41. Defendant American and Specialists conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

42. Defendant American and Specialists unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

43. Defendant American and Specialists unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though American and Specialists liability under the Policy was reasonably clear, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

44. Defendant American and Specialists unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

45. Defendant American and Specialists unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

46. Defendant American and Specialists unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

47. Defendant American and Specialists conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

48. Defendant American and Specialists failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

49. Defendant American and Specialists failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

50. Defendant American and Specialists delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51. Defendant American and Specialists conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

52. Defendant American and Specialists failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time American knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

53. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

54. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

55. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant American and Specialists mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.  For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

57.  For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

58.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

59.  For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.  For the prosecution and collection of their claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation

and trial of their action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Kleberg County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

62. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants American Security Insurance Company ("American"), Claim Adjustment Specialists ('Specialists"), are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of their case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled. In accordance with Rule 47 of the Texas Rules

of Civil Procedure, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

Respectfully submitted,

CARRIGAN & ANDERSON LAW FIRM, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFFS**

Page 17

# EXHIBIT A-2

E-Filed for Record
10/2/2017 9:52 AM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Amelia Carbajal

## CAUSE NO. 17-450-D

| | | |
|---|---|---|
| GUADALUPE MENDOZA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 105TH JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY and CLAIM AJUSTMENT | § | |
| SPECIALISTS | § | |
| | § | |
| Defendants. | § | KLEBERG COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Guadalupe Mendoza as follows:

## I.
## GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

## II.
## VERIFIED DENIAL

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recovery in the capacity in which she sues.

## III.
## AFFIRMATIVE DEFENSES

3.     Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

4.      Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the "General Exclusions" section of the policy excludes losses caused by your neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.      Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

7.      Plaintiff's claims are barred, in whole or in part, because paragraph 3.f in the "Perils Insured Against" section of the policy excludes losses caused by: (1) wear and tear, marring, deterioration; (2) inherent vice, latent defect, mechanical breakdown; (3) smog, rust or other corrosion, fungi, mold, wet or dry rot; (4) smoke from agricultural smudging or industrial operations; (5) discharge, dispersal, seepage, migration release or escape of pollutants; (6) settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings; or (7) birds, vermin, rodents, insects, or domestic animals.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff lacked standing to assert the claims presented in the Original Petition.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and

satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

12.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

13.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate hi damages.

17.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

19.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

20.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

21.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

22.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

23.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

24.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that

punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

25.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

26.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

27.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28.     Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

29.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

a.   Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

b.   Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

c.   The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

d.   That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

30.   Plaintiff has sustained no injury from the alleged conduct of Defendant.

31.   Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

32.   Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

33.   There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

34.   Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide

the statutory notices required to show entitlement to the same.

35.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

36.     Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

37.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

## IV.
## REQUESTS FOR DISCLOSURE

38.     Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(i).

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Anne Kathryn Hunter
    State Bar No. 24104002
First City Tower
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com
Annekathryn.hunter@emhllp.com

*ATTORNEYS FOR DEFENDANTS*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 9, 2017, on the following counsel of record by eServe:

David Anderson
Stephen Carrigan
101 N. Shoreline Blvd, Suite 420
Corpus Christi, Texas 78401
Phone: (361) 884-4433
Fax: (361) 884-4434
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com

/s/ Anne Kathryn Hunter
Anne Kathryn Hunter